UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEDZAD KAHRIMANOVIC,<br><br>Defendant. | CASE NO. **2:24-mj-00573**<br><br>**FINDINGS REGARDING ORDER OF RELEASE, DKT. 29.** |

The government filed a complaint pursuant to its Treaty obligations between the United States and Bosnia and Herzegovina. Dkt. 1. The complaint alleges the government of Bosnia and Herzegovina (hereafter "Bosnia") has formally requested the extradition of Defendant, Nedzad Kahrimanovic, on the grounds Defendant was convicted in 2017 after a trial and sentenced to a term of five years of imprisonment for committing a war crime in 1992 – the murder of a civilian during armed conflict.

The government also filed a memorandum seeking the detention of Defendant. Dkt. 6. Defendant by retained counsel opposed detention, Dkt. 21, and following a detention hearing held on October 3, 2024, the Court issued an order of release and appearance bond. Dkts. 28, 29. While the parties agreed on numerous matters, they disagreed whether Defendant should be detained or released.

FINDINGS REGARDING ORDER OF
RELEASE, DKT. 29. - 1

The legal framework in extradition cases does not favor release and release of a Defendant is normally not granted. Rather, Defendant bears the burden to establish he is neither a flight risk nor a danger to the community, and special circumstances warrant his release. There is disagreement among courts as to whether a Defendant's burden of proof is by a preponderance of the evidence, or by clear and convincing evidence. The parties did not disagree that the Court should apply this framework and they also did not disagree on many facts regarding the case.

At the detention hearing, and in the pleadings submitted, there was no disagreement that Bosnia has submitted a valid treaty request to the government, and that Defendant is the person subject to this request. The facts underlying the request were thus not disputed. Defendant was in the military and involved in armed conflict in the early 1990's. He and his family left Bosnia in 1997 and have lived in Bellevue, Washington since then. Years after Defendant left Bosnia, he was charged with committing the war crime of killing a civilian. He voluntarily returned to Bosnia to attend his trial on the war crime which apparently took many months, and claimed he acted in self-defense. During his trial, he traveled back and forth between Bosnia and the United States. After Defendant was convicted of committing a war crime, he appealed. His appeal was denied, and the United States averred a subpoena was eventually sent to Defendant at his home in Bellevue, Washington that directed Defendant to return to Bosnia to serve his sentence. The United States averred FedEx provided a tracking number regarding this subpoena but acknowledged they did not possess any records of the delivery. Defendant contended the lack of any documentation that the subpoena was served violated his right to due process and notice of the subpoena.

After Defendant failed to return to Bosnia, the Tuzla Municipal Court in Bosnia issued an international arrest warrant on February 26, 2019 for the purpose of executing Defendant's five-

year term of imprisonment. The government of Bosnia subsequently submitted an extradition request to the United States in September 2020. Pursuant to the arrest warrant, Defendant was arrested on September 19, 2024 at his home in Bellevue, which is also the address given to FedEx for service of the subpoena.

According to the pretrial office's report, Defendant has resided in Bellevue for many years. He has lived with his adult daughter in Bellevue for 15 years, subject to guardianship. His former wife serves as his guardian. Defendant has significant health problems including multiple organ failure, stage 4 chronic kidney disease, diabetes, dementia, anxiety, eye degeneration, hypertensive heart disease with heart failure and an amputated leg. The parties agree he requires kidney dialysis approximately three times a week. In addition to the Bosnian conviction for war crimes, Defendant also was convicted of negligent driving in the first degree in 2001, DV assault (deferred) in 2009 and reckless driving in 2011.

Based upon the facts presented to the Court, the government argued the Court should detain Defendant focusing on a failure to show special circumstances and an intentional failure to return to Bosnia which makes him a flight risk.

The parties agreed a defendant's medical condition may constitute a special circumstance supporting release. The government argued a medical condition should be deemed a special circumstance only if Defendant cannot receive adequate care while held in detention. The government argued Defendant's medical needs can be adequately met by the Bureau of Prisons but acknowledged that the federal detention center at SeaTac would have to take Defendant to an outside medical facility about three times a week to provide needed kidney dialysis. The Defense disagreed with government's position. The defense argued the government's position would

require the Court to detain all individuals, save those who were so ill that they required hospitalization.

A bright-line rule that would resolve whether Defendant's health problems constitute a special circumstance does not appear to exist. As such, the Court must, in its discretion, decide whether the facts in this particular case support a finding of special circumstances. The Court is mindful that its discretion is guided by the term "special circumstance" which inherently means in very limited circumstances.

The Court finds that in this particular case, Defendant has met his burden to show that his medical condition is a special circumstance that warrants release. There is no dispute Defendant's medical condition is significant and severe; that he requires medical care outside of the federal detention center three times a week; and that his cognitive limitations will make it very difficult and perhaps impossible for him to take care of himself.  Defendant in fact is subject to a guardianship which strips him of many rights and responsibilities including making medical decisions.

The Defense also argued that the amount of time it took Bosnia to start extradition proceedings and attendant delay between the issuance of the arrest warrant and Defendant's arrest is a special circumstance. The Court declines to find the delays in the extradition process leading to Defendant's arrest is a special circumstance.

Turning to the other factors that Defendant has the burden of overcoming, the government argued Defendant is a flight risk because he intentionally failed to return to Bosnia in disregard of the subpoena that the government avers was sent to Defendant. There is a dispute whether Defendant actually received the subpoena and thus the Court considers the entire history of Defendant's actions regarding the war crime and his ties to the community. The history of the

Defendant's actions indicate he has met his burden regarding risk of flight. Defendant left Bosnia years before he was charged with the war crime. After the charges were filed, he returned to Bosnia and attended his trial. His conduct as to the criminal charges support a finding that he is not a flight risk. Additionally, Defendant has lived in Bellevue for decades. He took no action to obscure his identity and did not move about to evade detection as to his whereabouts. Additionally, Defendant lacks the financial resources to flee and the mental wherewithal to evade the governments of Bosnia and the United States. He suffers from dementia of some sort and is subject to a guardianship that has stripped him of his ability to conduct any financial transactions, sell property or even drive a car. He is supported by family members and social security payments which are quite small.

The Court thus finds Defendant has met his burden that he is not a risk of flight. The Court also finds Defendant has met his burden that he is not a danger to the community. The extradition offense is the most serious offense. It was committed some 32 years ago. Defendant has three other criminal convictions or arrests but the most recent of these-reckless driving- occurred in 2011.

In sum, the Court finds Defendant has met his burden to show he is not a danger to the community or a flight risk. He is a disabled, homebound older man with multiple organ failure problems and onset of dementia. He has lived with his family in Bellevue, Washington since 1997 and returned voluntarily to Bosnia to address the charges and attend his trial. He contests being served a subpoena to return to Bosnia and while there is some evidence a subpoena was sent to FedEx for delivery there is no documentation it was actually served. Defendant has some misdemeanor criminal which is now dated as he has no convictions since 2011.

Defendant's serious deterioration of health is a judicially recognized special circumstance justifying release. His deterioration is so extreme that a state court appointed a guardian based upon a finding Defendant is incapacitated. In appointing a guardian, the state court stripped Defendant of numerous rights (prohibitions on marriage, contracts, agreements, driving, lawsuits, buying property, medical treatment care and assistance). The Guardian Ad Litem's report indicates medical record indicated Defendant's mental conditions interfere with his ability to take information and make day to day decisions. The Court thus finds Defendant has met his burden to show there are special circumstances to support release.

DATED this 4th day of October, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge